1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Alan Borggreen, | No. CV-15-00916-PHX-SRB (BSB) |
|         Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
|         Respondents. | |

Petitioner David Alan Borggreen has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  In their answer, Respondents assert that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief.  (Doc. 20.)  Alternatively, Respondents argue that Petitioner's claims are not cognizable on federal habeas corpus review and that review of Ground One is procedurally barred.  Petitioner has filed a reply in support of his Petition.  (Doc. 21.)  As set forth below, the Court finds Ground One untimely and finds that Ground Two does not assert a claim that is cognizable on federal habeas corpus review.

## I.    Factual and Procedural Background

In April 1997, the State of Arizona charged Petitioner with the following offenses: (1) two counts of molesting a child, class two felonies and dangerous crimes against children (Counts One and Two); (2) one count of sexual conduct with a minor, a class

two felony and dangerous crime against children (Count Three); and (3) indecent exposure, a class six felony (Count Four).  (Doc. 20, Ex A.)  On the State's motion, the trial court dismissed Count Two.  (Doc. 20, Ex. B at 1.)  Following a trial, the jury found Petitioner guilty of Counts One and Four.  (Doc. 20, Ex. C at 2.)  The jury could not reach a unanimous verdict on Count Three, and the trial court declared a mistrial as to that count.  (*Id.* at 1.)  Petitioner later pleaded guilty to a reduced charge of attempted sexual conduct with a minor, as an amended Count Three.  (Doc. 20, Ex. D.)  On January 20, 1998, the trial court sentenced Petitioner to consecutive terms of imprisonment totaling eighteen years' imprisonment on Counts One and Four, and lifetime probation for amended Count Three.  (Doc.20, Ex. E.)  The court stated that the lifetime term of probation "commenc[ed] January 20, 1998."  (*Id.* at 5.)

B.    **Direct Review**

Petitioner appealed his convictions and sentences to the Arizona Court of Appeals, arguing that the trial court improperly instructed the jury on the State's burden of proof.  (Doc. 20, Ex. F at 3-5.)  The court of appeals rejected Petitioner's argument and affirmed his convictions and sentences on December 10, 1998.  (*Id.* at 1, 5.)  Petitioner did not seek review in the Arizona Supreme Court.

C.    **Post-Conviction Review**

1.    **First Post-Conviction Proceeding**

On March 14, 2000, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  (Doc. 20, Ex. G.)  The court appointed Petitioner counsel.  (Doc. 20, Ex. H at 2.)  Post-conviction counsel notified the court that he was "unable to raise any viable issues" in a petition.  (Doc. 20, Ex. I.)  The trial court granted Petitioner an extension of time to file a pro se petition.  (Doc. 20, Ex. J.)  Petitioner did not file a petition and the court dismissed the post-conviction proceeding.  (Doc. 20, Ex. K.)  On Petitioner's motion, the trial court subsequently reinstated the post-conviction proceeding and gave Petitioner another extension of time to file a pro se petition.  (Doc. 20, Ex. L.)  Petitioner again failed to file

a petition, and the court dismissed the proceeding on February 11, 2002.  (Doc. 20, Ex. M.)

### 2.      Second Post-Conviction Proceeding

On May 7, 2003, Petitioner filed a second notice and petition for post-conviction relief.  (Doc. 20, Exs. N, O.)  The court dismissed the proceeding as untimely and for failing to state a colorable claim.  (Doc. 20, Ex. P.)  Petitioner filed a motion for rehearing, which the superior court denied.  (Doc. 20, Exs. Q, R.)  Petitioner filed a petition for review with the Arizona Court of Appeals, which the court denied on June 20, 2004.  (Doc. 20, Ex. S.)

### 3.      Other Post-Conviction Proceedings

In 2008, the Arizona Supreme Court held that a defendant could not be sentenced to lifetime probation for attempted dangerous crimes against children committed between January 1, 1994 and July 20, 1997.  *See State v. Peek*, 195 P.3d 641, 642-43 (Ariz. 2008).  Accordingly, the Adult Probation Office petitioned the trial court to modify Petitioner's probation to comply with *Peek*.  (Doc. 20, Exs. T and U.)  On November 9, 2009, the court granted the petition and issued an order modifying Petitioner's probation to a term of five years.  (Doc. 20, Ex. V.)  The court stated that Petitioner "will serve five years' probation beginning from January 20, 1998, with an amended probation termination date to be determined."  (Doc. 20, Ex. T.)

On April 15, 2011, Petitioner filed a motion to modify or set aside an illegal probationary term.  (Doc. 20, Ex. W.)  Petitioner asked the court to impose a five-year term of probation for his conviction for attempted sexual conduct, rather than the lifetime term of probation that was originally imposed.  (*Id.*)  On May 9, 2011, the court issued a minute entry stating that "[p]ursuant to the 11/5/2009 minute entry, this issue has been addressed and ruled upon.  The court modified [Petitioner's] probation term to five years at that time."  (Doc. 20, Ex. X.)

On October 16, 2012, Petitioner filed a motion asking the trial court to "waive community supervision" because his term of community supervision was shorter than his

term of probation.  (Doc. 20, Ex. Y.)  On May 20, 2013, the court denied that motion.  (Doc. 20, Ex. Z.)  The court explained that Petitioner would begin serving his five-year term of probation upon his release from imprisonment.  (*Id.*)  The court stated that it had discretion to waive community supervision, but found no basis to do so.  (*Id.*)  The court then "reaffirm[ed] that [Petitioner's] probation under Count 3 will begin after [Petitioner] completes his community supervision under Count 1."  (*Id.*)  Petitioner sought review in the Arizona Court of Appeals, and the appellate court summarily dismissed the appeal.  (Doc. 20, Exs. AA, BB.)

On June 26, 2013, Petitioner filed a third notice and petition for post-conviction relief.  (Doc. 20, Exs. CC, DD.)  Petitioner asserted that (1) the trial court improperly imposed a term of community supervision that would begin following his release from prison; and (2) the trial court improperly ordered his probation to commence upon his release from prison.  (Doc. 20, Ex. DD.)  Petitioner argued that the May 20, 2013 order changed his term of probation to run consecutively to his term of imprisonment, rather than concurrently.  (*Id.*)  The court dismissed the post-conviction proceeding as untimely and for failing to state a colorable claim.  (Doc. 20, Ex. EE.)  Petitioner filed a motion for rehearing, which the court denied.  (Doc. 20, Exs. FF, GG.)

Petitioner sought review in the Arizona Court of Appeals.  (Doc. 20, Ex. HH at 5.)  On March 18, 2015, the appellate court affirmed the superior court's denial of relief.  (*Id.*)  The court of appeals dismissed Petitioner's community supervision claim as untimely.  (*Id.* at 5-6.)  The court of appeals then opined that "it is not entirely clear" whether Petitioner's probation claim was untimely.  (*Id.* at 7.)  The court noted that the sentencing minute entry that imposed lifetime probation stated that it was to begin on the date Petitioner's prison sentences were imposed, and none of the trial court's subsequent orders were inconsistent with that until the statement in its May 20, 2013 order.  (*Id.*)  The court stated that the notice of post-conviction relief was filed within ninety days of that order in compliance with Rule 32.4(a).  (*Id.*)  The court of appeals noted that the trial

court did not conclude that the post-conviction proceeding was timely, but assumed it was for purposes of its order.  (*Id.*)

The appellate court assumed Petitioner timely sought relief, and that the trial court's May 20, 2013 order was improper, but concluded that "any error was harmless." (*Id.*)  The court explained that Ariz. Rev. Stat. § 13-903(E) provides that, "[i]f probation is imposed on one who at the time is serving a sentence of imprisonment imposed on a different conviction, service of the sentence of imprisonment shall not satisfy the probation."  (Doc. 20, Ex. HH at 8.)  Thus, the court concluded that because Petitioner "had been sentenced to prison before probation was imposed, *see State v. Ball*, [] 758 P.2d 653, 654-55 ([Ariz. Ct.] App. 1988), the beginning of his term of probation is, by operation of law, tolled until those sentences expire."  (*Id.* at 8.)  Petitioner filed a petition for review in the Arizona Supreme Court, which the court denied on October 8, 2015. (*Id.* at 1.)

**D.  Federal Petition for Writ of Habeas Corpus**

On May 20, 2015, Petitioner filed a petition for writ of habeas corpus in this Court.  (Doc. 1.)  Petitioner asserts that (1) his term of supervision after the completion of his sentence violates his rights to equal protection and to be free from double jeopardy (Ground One), and (2) the trial court illegally changed his term of probation from concurrent to his term  of imprisonment to consecutive (Ground Two).  (Doc. 1 at 6-7.) As discussed below, the Court finds Ground One untimely and that Ground Two does not present a claim that is cognizable on federal habeas corpus review.

**II.  Statute of Limitations**

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  "Section 2244(d)(1) 'contain[s] multiple provisions relating to the events that *trigger* its running.'" *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 647 (2010)) (emphasis in original).  "The triggering events are the dates on which: [1] direct review becomes final, [2] an unlawful state-created impediment to filing

is removed, [3] a new constitutional right is made retroactively available, or [4] the factual predicate of the claim(s) presented could have been discovered with 'due diligence.'" *Lee,* 653 F.3d at 933 (quoting 28 U.S.C. § 2244(d)(1)(A)-(D)).

The one-year statute of limitations begins to run on the latest of those dates. *See* 28 U.S.C. § 2244(d)(1). When a habeas petition advances multiple grounds for relief, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). As Respondents assert, Petitioner's claims implicate different triggering events. Therefore, the Court addresses the limitations period as it applies to each ground for relief.

## A.    Limitations Period as applied to Ground One

In Ground One, Petitioner asserts that the trial court violated his rights to equal protection and to be free from double jeopardy by "sentenc[ing him] to a term of community supervision after his flat (100%) prison term" for his conviction for child molestation. (Doc. 1 at 6.) This claim does not implicate any of the triggering events in §§ 2244(d)(1)(B)-(D). Therefore, § 2244(d)(1)(A) provides the relevant starting date for the limitations period related to Ground One. Under § 2244(d)(1)(A), the one-year limitations period commences on the date on which Petitioner's convictions became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On April 10, 1998, Petitioner's convictions and sentences were affirmed on direct appeal. (Doc. 20, Ex. F at 1.) Petitioner did not seek review in the Arizona Supreme Court. (*Id.*) Therefore, his convictions became final thirty-five days later, on January 14, 1999, the date he could no longer seek direct review in the Arizona Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. __, 132 S. Ct. 641, 653-54 (2011) ("Because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."); Ariz. R. Crim. P. 31.19(a) (requiring a petition for review to the Arizona Supreme Court to be filed within 30 days);

*State v. Savage*, 573 P.2d 1388, 1389 (Ariz. 1978) (holding that Rule 1.3 of the Arizona Rules of Criminal Procedure allows an additional five days for mailing).

Therefore, the one-year limitations period for asserting Ground One in a petition for writ of habeas corpus began to run on January 14, 1999, and expired one year later, on January 14, 2000. *See Patterson*, 251 F.3d at 1245-46. Petitioner did not file his Petition until May 20, 2015. Therefore, Ground One is untimely unless statutory or equitable tolling applies.

### 1.    Statutory Tolling related to Ground One

The AEDPA's one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

As previously noted, the limitations period expired on January 14, 2000. On March 14, 2000, Petitioner commenced a post-conviction proceeding in state court. (Doc. 20, Ex. G.) Because the AEDPA statute of limitations as to Ground One had expired before Petitioner commenced that proceeding, it could not toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed."). Similarly, Petitioner's other post-conviction proceedings do not entitle him to statutory tolling because they were commenced after the limitations period had expired. (*See* Doc. 20, Exs. N, CC.) Therefore, statutory tolling does not apply and Ground One is untimely unless equitable tolling applies.

### 2.    Equitable Tolling related to Ground One

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

Petitioner does not argue that equitable tolling applies to the limitations period as it pertains to Ground One. (Docs. 1, 20.) Additionally, the record does not reveal any extraordinary circumstance that prevented Petitioner from filing a timely federal habeas corpus petition asserting Ground One. Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's pro se status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Therefore, the Court concludes that equitable tolling does not apply.[1]

The limitations period for presenting Ground One began running on January 14, 1999, and expired one year later, on January 14, 2000. Petitioner did not file his Petition asserting Ground One until May 20, 2015, well after the limitations period expired. (Doc. 1.) As discussed above, Petitioner has not established any basis to extend or avoid the limitations period. Therefore, Ground One is untimely and the Court recommends

---

[1] In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, (2013), the Supreme Court recognized an exception to the AEDPA statute of limitations for a claim of actual innocence. The Court adopted the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims. *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 937-38.) Petitioner does not assert an actual innocence exception to the statute of limitations and nothing in the record suggests that this exception applies. Accordingly, the Court does not further address this issue.

that it be dismissed on that basis.  The Court does not address Respondents' alternative arguments related to Ground One.

**B.    Limitations Period as applied to Ground Two**

In Ground Two, Petitioner asserts that the trial court improperly modified his term of probation by ordering that it run consecutively to his prison term, rather than concurrently.  (Doc. 1 at 7.)  Liberally construing Petitioner's pleadings, he asserts that § 2244(d)(1)(D) applies and that the statute of limitations for presenting Ground Two commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

Petitioner asserts that he discovered the factual predicate of Ground Two on May 20, 2013, when the trial court filed an order stating that Petitioner "will begin a 5-year prison term on count 3 upon his release under count 1."  (Doc. 1 at 22.)  Petitioner argues that until he received that order, he believed that his modified five-year term of probation would run concurrently with his sentence of imprisonment.  (Doc. 21 at 2.)  If the Court accepts Petitioner's argument, Ground Two is timely.   Respondents assert that the statute of limitations on Ground Two commenced on November 9, 2009, the date on which the state court modified Petitioner's lifetime term of probation to a five-year term.  (Doc. 20 at 11.)  They argue that the statute of limitations expired on November 9, 2010 and, therefore, Ground Two is untimely.  (*Id.*)

To determine whether Ground Two is timely, the Court must determine the date on which Petitioner could have discovered the factual predicate of his claim "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).  The parties disagree about what constitutes the factual predicate of Ground Two.  Petitioner describes the factual predicate as the "fact" that his five-year term of probation would run consecutively to, not concurrently with, his terms of imprisonment.  Liberally construing the Petition and the Reply, Petitioner argues that he did not discover that fact until he received the May 20, 2013 order, which specifically stated that his term of probation would begin upon

completion of his terms of imprisonment.  Petitioner explains that the November 2009 minute entry that modified his term of probation from lifetime to five years stated that Petitioner would "serve five years' probation beginning from January 20, 1998," which was consistent with the January 20, 1998 sentencing minute entry.  (*See* Doc. 20, Exs. E, T, U, V.)

Respondents assert that the factual predicate of Petitioner's claim is the modification of the term of lifetime probation to a term of five years.  They suggest that the trial court's May 20, 2013 order, which for the first time explicitly stated that Petitioner's term of probation would run consecutively to his prison sentences, did not include any facts upon which Petitioner's claim is based because that order simply states what Arizona law required — that Petitioner must serve his five-year term of probation consecutively to his prison sentences.   (Doc. 20 at 12 (citing Doc. 20, Ex. V).) Respondents assert that the manner in which Arizona law required Petitioner to serve his five-year term of probation constitutes the "legal significance" of the court modifying his term of probation to five years, not the factual predicate of his claim.  (Doc. 20 at 13 (citing *Chestnut v. California*, 2014 WL 3557285, at *5 (C.D. Cal. Jul. 17, 2014) (stating that because alleged constitutional violations occurred during sentencing, the petitioner knew or should have known the important facts upon which he based his claims at the time of sentencing, and not understanding the legal significance of those facts did not constitute the "factual predicate" under § 2244(d)(1)(D)).  As set forth below, the Court finds that Ground Two is not cognizable on federal habeas corpus review, and therefore, it need not resolve this issue but instead assumes, for purposes of this Report and Recommendation, that Ground Two is timely.

### III.    Ground Two is not Cognizable

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Federal habeas corpus relief is not available for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  It is not the policy of the federal courts to re-

examine state court determinations of state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). On habeas corpus review, federal courts lack jurisdiction to review state court applications of state procedural rules. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998). Additionally, a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

In Ground Two, Petitioner argues that the trial court's May 20, 2013 order "illegally change[d] a probationary term from concurrent to consecutive." (Doc. 1 at 7.) Petitioner does not cite any legal authority to support his claim and, thus, does not base his claim on federal law.[2] (*Id.*) Although the Court construes pro se pleadings liberally, Ground Two itself does not include any allegations that resemble a federal claim. (*Id.*) On post-conviction review, the appellate court concluded that Petitioner was not entitled to post-conviction relief on his claim because under Arizona law his term of probation could not begin until after his prison sentences expired. (*Id.* (citing Ariz. Rev. Stat. § 13-903(E).) Thus, it appears that Ground Two challenges the modification of Petitioner's term of probation under Arizona law. This claim turns on the interpretation and application of state law and, therefore, is not cognizable on federal habeas corpus review. Accordingly, federal habeas corpus review is unavailable for Ground Two.[3]

---

[2] Additionally, even if the Petition could be construed as asserting a federal due process claim, review of that claim would be procedurally barred. Although Petitioner challenged the trial court's May 20, 2013 order in a post-conviction proceeding, Petitioner did not present a federal due process claim to the state trial and appellate courts. (Doc. 20, Exs. DD, HH; Doc. 1 at 39-51.) In a petition for review to the Arizona Supreme Court, Petitioner asserted that he did not receive notice of any state court proceeding pertaining to the modification of his term of probation in violation of "Due Process." (Doc. 1 at 34.) However, he did not cite to the federal Due Process Clause. (*Id.*) Thus, he did not exhaust a federal due process claim in state court and Arizona law would preclude presentation of such a claim to the state courts because Petitioner could have raised it in prior post-conviction proceeding. *See* Ariz. R. Crim. P. 32.2(a)(3).

[3] In his reply, Petitioner argues that appellate counsel should have known the law and informed Petitioner that his term of probation could not be served while he was in prison. (Doc. 21 at 2.) Petitioner, however, does not allege that appellate counsel was ineffective and, even if he did, the Court would not consider a claim of ineffective assistance raised for the first time in a reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (stating that "[t]he district court need not consider arguments raised for the first time in a reply

- 11 -

**IV.    Conclusion**

The Court recommends that the Petition be denied because Ground One is untimely and Ground Two is not cognizable on federal habeas corpus review.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

brief." ).  Moreover, Petitioner does not allege how counsel's conduct prejudiced him and, therefore, he could not establish a claim of ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).

Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 14th day of June, 2016.

Bridget S. Bade
United States Magistrate Judge